KUHN, J.,
dissenting.
hi respectfully disagree with the result reached in the majority opinion. I believe there is an irreconcilable conflict in the master service contract due to the fact that Paragraph 25 therein provides that Southern Scrap is the “statutory employer” of IPC Contractors’ employees and is entitled to the statutory tort immunity of La. R.S. 23:1032 et seq., whereas Paragraph 13 of that same contract provides that no one employed by IPC Contractors shall be deemed an employee of Southern Scrap “for any purpose.” I strongly disagree with the majority’s conclusion that the language of Paragraph 13 “is irrelevant to the determination of whether Southern Scrap Morgan City is entitled to tort immunity under the [Workers’ Compensation] Act.” The conflict between these two contractual provisions is crucial to the resolution of this matter. Moreover, the two cases cited in the majority opinion as support for the conclusion that Paragraph 13 is irrelevant dealt with contractual provisions providing only that the immediate employers of the injured workers were independent contractors. See Zuccarello v. Exxon Corporation, 756 F.2d 402 (5th Cir.1985); Johnson v. Tennessee Gas Pipeline Company, 99 F.Supp.2d 755 (E.D.La.2000). The contracts at issue in those cases were not ambiguous because, unlike the instant case, they did not contain express language providing that the employees of the independent contractor were not to be deemed employees of the purported statutory employer for any purpose.
| «.Thus, since the master service contract in this case contained an irreconcilable ambiguity and the contract was provided by Southern Scrap, the ambiguity therein must be construed against it. See La. C.C. art. 2056. This conclusion is reinforced by the fact that immunity statutes must be strictly construed against the party claiming the immunity. See Labranche v. Fatty’s, LLC, 10-0475 (La.App. 1st Cir.10/29/10), 48 So.3d 1270, 1272. Thus, since the master service contract, viewed as a whole, does not clearly and unambiguously provide that Southern Scrap is the statutory employer of Charles Mitchell, I do not believe Southern Scrap was entitled to summary judgment in its favor based on statutory tort immunity under La. R.S. 13:1032. Accordingly, I dissent.